IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| FIRST-CLASS MONITORING, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 6:17-cv-110 |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| CITIGROUP INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

For its Complaint, Plaintiff First-Class Monitoring, LLC ("First-Class Monitoring"), by and through the undersigned counsel, alleges as follows:

## THE PARTIES

1.     First-Class Monitoring is a Texas limited liability company with a place of business located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

2.     Defendant Citigroup Inc. is a Delaware company with, upon information and belief, a place of business located at 388 Greenwich Street, New York, New York 10013.

3.     Upon information and belief, Defendant has registered with the Texas Secretary of State to conduct business in Texas.

## JURISDICTION AND VENUE

4.     This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

5.     Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

6.     Upon information and belief, Defendant conducts substantial business in this forum, directly or through intermediaries, including:  (i) at least a portion of the infringements

alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in this district.

7.      Venue is proper in this district pursuant to §§ 1391(b), (c) and 1400(b).

## THE PATENT-IN-SUIT

8.      On June 14, 2011, U.S. Patent No. 6,014,089 (the "'089 patent"), entitled "Method for Transmitting Data Using a Digital Control Channel of a Wireless Network," was duly and lawfully issued by the U.S. Patent and Trademark Office.  A true and correct copy of the '089 patent is attached hereto as Exhibit A.

9.      The '089 patent solves problems of monitoring utility usage and other information on varying reading schedules and different levels of frequency of data interrogation (profiling). It ensures information from utility meters and other devices can be provided via digital transmission using the short message service portion of a personal communications system network using digital technology operating at any frequency.

10.      First-Class Monitoring is the assignee and owner of the right, title and interest in and to the '089 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,014,089

11.      First-Class Monitoring repeats and realleges the allegations of paragraphs 1 through 10 as if fully set forth herein.

12.      Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant is liable for infringement of at least claims 1 and 7 of the '089 patent by making, using,

importing, offering for sale, and/or selling an apparatus and method for transmitting a data sequence via a personal communications system transmission protocol.

13.  More specifically and upon information and belief, Defendant performs a method for transmitting a data sequence via a personal communications system transmission protocol.  *See* https://online.citi.com/US/JRS/pands/detail.do?ID=CitiMobileSMS   ("Text   Banking")   (last accessed Feb. 22, 2017); *see also* Jennifer Hord, "How SMS Works" ("How SMS Works") (available at http://computer.howstuffworks.com/e-mail-messaging/sms.htm (last accessed Feb. 22, 2017)).  Transaction information is collected by Defendant at a data collection unit (e.g., server).          https://s4.mzstatic.com/us/r30/Purple/v4/01/a5/10/01a5103c-4565-bf5f-3576-b9521e7e66a6/screen1024x1024.jpeg (last accessed Feb. 22, 2017).  Defendant composes a data packet including the collected data (e.g., customer account transactions) and in a form that conforms to conventional short message data packets.  *See* Text Banking; Rima Kats, Citibank Aims   for   Convenience   with   New   SMS   Banking   Service   ("Kats")   (available   at http://webcache.googleusercontent.com/search?q=cache:UGUoJ8GDGx0J:www.mobilecommerce daily.com/citibank-enhances-mobile-banking-services-with-sms+&cd=1&hl=en&ct=clnk&gl=us (last accessed Feb. 22, 2017); *see also* Robert Triggs, "What Is SMS and How Does It Work?" ("What Is SMS") (available at http://www.androidauthority.com/what-is-sms-280988   (last accessed Feb. 22, 2017)); How SMS Works.  Defendant inserts collected data into a short message service portion of a GSM network as an SMS message.  *See* How SMS Works.  Defendant transmits a data packet to an access point via a short message service portion of a personal communications system transmission protocol (e.g., cellular network) as an SMS message.  *See* Text Banking; Kats; *see also* How SMS Works; What Is SMS; William Dudley, "SMS Only Reliable   Communications   Channel   During   Significant   Events"   (available   at

http://www.mobilemarketer.com/cms/opinion/columns/5968.html (last accessed Feb. 22, 2017));
Tiesha Whatley, "How Does Text Messaging Work?" (https://www.techwalla.com/articles/how-does-text-messaging-work (last accessed Feb. 22, 2017)).

14.     First-Class Monitoring is entitled to recover from Defendant the damages sustained by First-Class Monitoring as a result of Defendant's infringement of the '089 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

First-Class Monitoring hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, First-Class Monitoring requests that this Court enter judgment against Defendant as follows:

A.     An adjudication that Defendant has infringed the '089 patent;

B.     An award of damages to be paid by Defendant adequate to compensate First-Class Monitoring for Defendant's past infringement of the '089 patent and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.     A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of First-Class Monitoring's reasonable attorneys' fees; and

D.     An award to First-Class Monitoring of such further relief at law or in equity as the Court deems just and proper.

Dated:  February 23, 2017

*/s/ Richard C. Weinblatt*

Stamatios Stamoulis DE SB #4606
Richard C. Weinblatt DE SB #5080 – Lead Counsel
Stamoulis & Weinblatt LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone:  (302) 999-1540
Facsimile:  (302) 762-1688
stamoulis@swdelaw.com
weinblatt@swdelaw.com

*Attorneys for Plaintiff*
*First-Class Monitoring, LLC*